FILED

NOT FOR PUBLICATION

NOV 29 2017

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

In re: TRISHA AINNE VIZCONDE,

Debtor,

------------------------------

TRISHA AINNE VIZCONDE;
TIMOTHY MCCANDLESS, Attorney,

Appellants,

v.

DAVID BURCHARD, Chapter 13 Trustee

Appellee.

No.   16-60072

BAP No. 15-1384

MEMORANDUM[*]

In re: ROSARIO M. CARRERA,

Debtor,

_____

TIMOTHY L. MCCANDLESS, Attorney,

Appellant,

v.

No.   16-60073

BAP No. 15-1383

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

DAVID BURCHARD, Chapter 13
Trustee,

        Appellee.

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kirscher, Jury, and Taylor, Bankruptcy Judges, Presiding

Submitted November 15, 2017[**]
San Francisco, California

Before: THOMAS, Chief Judge, and W. FLETCHER and PAEZ, Circuit Judges.

Timothy L. McCandless appeals from the Bankruptcy Appellate Panel's ("BAP") judgment affirming the bankruptcy court's award of sanctions. The bankruptcy court imposed monetary sanctions against McCandless for filing improper bankruptcy petitions on behalf of Trisha Ainne Vizconde and Rosario M. Carrera. We review for abuse of discretion a bankruptcy court's award of sanctions. *Miller v. Cardinale (In re DeVille)*, 361 F.3d 539, 547 (9th Cir. 2004). We have jurisdiction under 28 U.S.C. § 158(d)(1), and we affirm.

The BAP correctly concluded that the bankruptcy court imposed sanctions on McCandless under Federal Rule of Bankruptcy Procedure 9011. Although the bankruptcy court did not specify the basis for imposing sanctions, "we can deduce

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the source of its power for the purposes of our review." *Primus Automotive Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997).

Rule 9011(c) allows for the imposition of sanctions if a bankruptcy petition or other document is filed for an improper purpose. Fed. R. Bankr. P. 9011(b)(1). Typically, Rule 9011, which is drawn from Federal Rule of Civil Procedure 11, is governed by a reasonableness standard. *See DeVille,* 361 F.3d at 550 n.5; *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 829 (9th Cir. 1986), *abrogated on other grounds*, *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 399–400 (1990). However, in instances where the bankruptcy court acts sua sponte, we have required a heightened standard for imposing sanctions. Specifically, sua sponte sanctions are "imposed only in situations that are akin to contempt of court." *United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1116 (9th Cir. 2001) (emphasis removed). As the BAP noted, the "akin to contempt" standard likely does not apply in these cases, as the sanctions were imposed for the filing of the petitions. This situation appears to be covered by the Rule 9011(c)(1)(A) exception. We need not decide this issue, however, as the bankruptcy court's findings support the sanctions against McCandless even under the higher "akin to contempt" standard.

The bankruptcy court found that McCandless "knowingly and willfully participated in and facilitated the abuse and bad faith manipulation of the bankruptcy process" by filing bankruptcy petitions on behalf of both Vizconde and Carrera. The record supports this determination as both petitioners failed to disclose prior bankruptcies they had filed, McCandless informed the court that the petitions were filed to invoke the automatic stay to delay impending foreclosures, and McCandless failed to file a host of required documents in each case. In light of this conduct we agree with the BAP that McCandless's actions meet even the higher "akin to contempt" standard.

The bankruptcy court also complied with Rule 9011's procedural and other requirements. Sanctions must be "limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Fed. R. Bankr. P. 9011(c)(2). The bankruptcy court did not abuse its discretion by sanctioning McCandless $2,000 in each case, as these were moderate amounts clearly aimed at deterrence rather than punishment. Sua sponte monetary sanctions under Rule 9011 are limited to a penalty payable to the court, and here the sanctions were ordered payable to the court. *Id.*

Additionally, Rule 9011(c)(1)(B) requires that before a court may impose sanctions the attorney or party must be provided with notice of the offending

4

conduct and an opportunity to be heard. McCandless argues that because the sanctions were "penalties," he was entitled to greater procedural safeguards. We have held, however, that under Rule 9011 adequate notice and an opportunity to be heard is all the process required. *See DeVille*, 361 F.3d at 552–53. Before imposing sanctions, the bankruptcy court issued orders to show cause in both cases, providing McCandless with notice of his improper acts and an opportunity to respond, and informing him that sanctions may be imposed. As directed, McCandless filed written responses and attended a hearing in each case at which he argued against sanctions. The bankruptcy court provided McCandless with the procedural protections required by Rule 9011.

**AFFIRMED.**